JOHN W. McCLUNG *vs.* A. G. MANSON and another.

January 10, 1879.

Appeals from justices in St. Paul.—No appeal lies to the municipal court of the city of St. Paul from the justices of the peace in the city, elected under Sp. Laws 1876, c. 211, § 10.

Plaintiff sued defendants in May, 1878, in a justice's court in St. Paul, who rendered judgment in favor of Manson, and against the other defendants. Plaintiff appealed in July, 1878, to the municipal court of the city, where the defendants, appearing specially, moved to dismiss the appeal, for want of jurisdiction. The motion was denied, and judgment rendered for plaintiff, from which the defendants appealed.

*Simonton & Reid,* for appellants.

*E. H. Wood,* for respondent.

BERRY, J. Does an appeal lie from a justice of the peace of the city of St. Paul, elected under Sp. Laws 1876, *c.* 211, § 10, to the municipal court of the city? Sp. Laws 1875, *c.* 2, throws no light upon the question, for the appeal there mentioned is an appeal only from justices "existing" when the chapter was enacted. Sp. Laws 1877, *c.* 173, has no reference to justices elected under said section 10.

Sp. Laws 1876, *c.* 211, § 7, contains the only statutory provision cited by counsel (and we know of no other) as having any tendency to support the affirmative of the question stated. That provision is that "the appellant or party procuring the transfer of any action from a justice's court, upon filing the transcript of appeal, or other papers, shall pay to said clerk"—*i. e.* of the municipal court—"two dollars on account of his fees, and such additional sums from time to time, not exceeding three dollars in any one action, as may be required in payment of clerk's fees in advance, or at the time of rendering the required service." There is no reason why this provision of section 7 cannot refer to the appeals allowed by the act of 1875, from "existing" justices, some of whom continued to exist under said act of 1875, until January 1, 1877.

The provision was an amendment to one of the original sections of the act of 1875. And there is no reason to suppose that its operation was intended to be in any way dependent upon the enactment of section 10 of the act of 1876, under which the justice of the peace was elected from whom

the appeal involved in this case was taken. The provision quoted from section 7 can, therefore, have full effect and operation, without applying it to the justices elected under the 10th section of the act of 1876. For this reason, we are 'of opinion that, standing alone (as it does,) there is not enough of it to warrant the inference contended for by the respondent, to wit, that it was intended to authorize an appeal from the justices elected under said 10th section. Appeals being wholly statutory, the presumption is that in a matter of so much importance, the legislature, had it intended to authorize such appeal, would have authorized it expressly, or at least by necessary implication. The result is that an appeal does not lie to the municipal court from the justices spoken of; but under the provisions of the general laws an appeal may be taken from such justices to the district court.

Judgment reversed.