STATE OF MINNESOTA *ex rel.* S. C. Whitcher *vs.* S. V. HANFT and another.

November 25, 1879.

Appeals from Justices in St. Paul.—Appeals from judgments of the justices of the peace in the city of St. Paul, provided for by Sp. Laws 1876, c. 211, § 10, (Gen. St. 1878, c. 64, § 105,) should be taken to the district court, and not to the municipal court. *McClung* v. *Manson*, 25 Minn. 374, followed.

*Mandamus* to compel the respondent Hanft, a justice of the peace in St. Paul, to make return to the municipal court of that city, pursuant to an appeal taken to that court by relator from a judgment rendered against him by such justice. The alternative writ also required the other respondent, sheriff of Ramsey county, to return to the justice an execution issued by the justice on the judgment appealed from, or show cause, etc. The alternative writ was issued from the district court for Ramsey county, and on the return-day was quashed on motion of respondents, and after argument before *Wilkin*, J., and the relator appealed.

*Chas. S. Bryant* and *Theo. E. Parker*, for appellant.

*McMillan & Beals*, for respondents.

GILFILLAN, C. J. Sp. Laws 1875, *c.* 2, which established the municipal court of the city of St. Paul, provided (section 28) that "all appeals hereafter taken from the judgment of any justice of the peace *now existing* in said city shall be taken to the said municipal court, and not to the district court or court of common pleas." The act also (section 26) took away the jurisdiction in any action, civil or criminal, from any justice of the peace thereafter to be elected or appointed.

Sp. Laws 1876, *c.* 211, § 10, amended Sp. Laws 1875, *c.* 2, § 26, (Gen. St. 1878, *c.* 64, § 105,) so as to provide for the election of two justices of the peace in said city, and vested them with all the jurisdiction and powers, and authorized them to discharge all the duties required by the General Statutes, except in regard to criminal jurisdiction and actions of forcible entry and detainer. The act contains no provision in reference to appeals from the judgments of such justices, and there is nothing in the act indicating any intention that the provisions of the act of 1875, as to appeals from justices of the peace in said city, existing at the passage of the latter act, should apply to the judgments of the justices of the peace thus provided for. Appeals from such judgments, in the absence of any other provision of law in regard

to them, would be controlled by the General Statutes. And
so it was held, in *McClung* v. *Manson*, 25 Minn. 374, that the
appeal from the judgment of a justice of the peace, provided
for in the act of 1876, should be to the district court and not
to the municipal court.

Our attention is called to Sp. Laws 1876, *c.* 209, § 6, (Gen.
St. 1878, *c.* 64, § 23,) which was not referred to in *McClung*
v. *Manson*, and it is claimed that it shows an intention that
all appeals from the judgment of justices of the peace in the
city of St. Paul should be taken to the municipal court.
Chapter 209 provides for the merger of the court of common
pleas of Ramsey county with the district court, and was
approved the day after chapter 211.   Section 6 reads: "All
recognizances and commitments for criminal offences shall be
made returnable to the said district court, and all appeals
from justices of the peace, *except from justices in the city of*
*St. Paul,* shall be taken to said district court." This does
not show an intention to alter in any respect the laws then
in force regulating appeals from judgments of justices in said
city, but does show an intention not to make any change. A
change would have been effected had there been no exception
in the section.   As the laws then stood, appeals from jus-
tices existing at the passage of the act of 1875 were to be
taken to the municipal court; those from the justices, pro-
vided for by chapter 211, to the district court. The effect of
the exception was to leave the two classes of appeals as they
then were, and avoid abolishing appeals to the municipal
court provided for by the act of 1879.

Order affirmed.